# EXHIBIT A

Philip D. Stern (NJ Atty. ID #045921984)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff Tariq Elshabba*

| | |
|---|---|
| TARIQ ELSHABBA, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br><br>Civil Action<br><br>Docket No. PAS-L-1676-21<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorneys whose names and addresses appear above, or to plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demands, plus interest and costs of suit. If

Page 1 of 2

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: May 26, 2021

/s/ *Michelle M. Smith*
Michelle M. Smith
Clerk of the Superior Court of New Jersey

Name of Defendant to be served: **Jefferson Capital Systems, LLC**

Address of Defendant to be served:
c/o Corporation Service Company
**Princeton South Corporate Center, Suite 160**
**100 Charles Ewing Boulevard**
Ewing, New Jersey 08628

Philip D. Stern – 045921984
KIM LAW FIRM LLC
401 Hackensack Avenue, Suite 701
Hackensack, NJ 07601
(201) 273-7117
*Attorneys for Plaintiff, Tariq Elshabba*

| | |
|---|---|
| TARIQ ELSHABBA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>Defendant. | **SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>PASSAIC COUNTY**<br><br>Civil Action<br><br>Docket No. PAS-L-_____-21<br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND**<br>WITH CERTIFICATIONS PURSUANT TO<br>*R.* 1:38-7 AND *R.* 4:5-1 |

Plaintiff, Tariq Elshabba, residing in Passaic County, New Jersey, individually and on behalf of all others similarly situated, by way of Complaint against Defendant, Jefferson Capital Systems, LLC, says:

## I. NATURE OF THE ACTION

1. This action arises as a result of the Defendant, Jefferson Capital Systems, LLC communicating private information about Plaintiff and other similarly situated New Jersey consumers, including their status as debtors, the amounts allegedly owed, and the entity to whom the debt was originally incurred but is currently owned by Jefferson, to third-parties for the purpose of creating and mailing collection letters in an attempt to collect debts from Plaintiff and the members of the class Plaintiff seeks to represent in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

## II. PARTIES

1. Plaintiff is a natural person.

2. At all times relevant to this Complaint, Plaintiff was a citizen of the State of New Jersey, residing in Passaic County, New Jersey.

3. At all times relevant to the factual allegations of this Complaint, Defendant was a for-profit limited liability company located in St. Cloud, Minnesota and registered to transact business in the State of New Jersey.

### III.   FACTS

4. Defendant is in the business of purchasing defaulted debts incurred by natural persons arising from transactions primarily for personal, family, or household purposes for less than the balance due and attempting to collect those debts.

5. When attempting to collect such debts, Defendant uses the mails, telephone, internet, and other instruments of interstate commerce.

6. Defendant's principal purpose is the collection of such debts.

7. Defendant alleges that Plaintiff had defaulted on a payment obligation with respect to a balance on a certain Mastercard credit card account ("Debt").

8. By letter mailed on or after May 23, 2020 addressed to Plaintiff, Defendant attempted to collect the Debt.

9. A true but partially redacted copy of the letter is attached as Exhibit A.

10. At the time the letter was mailed, Defendant had no legal right to sue Plaintiff due to the age of the Debt.

11. Nevertheless, Defendant's letter misleading suggested Plaintiff would be better off making one or more payments on the Debt or agreeing to make one or more payments on the Debt.

12. Although Defendant's letter included language disclosing that the Debt is time-barred, it also included convoluted language which could mislead the least sophisticated consumer about the effect of a payment or an agreement to pay on the statute of limitations.

13. On information and belief, the language in the letter was drafted to confuse some consumers, including the least sophisticated consumer, about the nature or character of the Debt.

14. In an effort to cut costs, Defendant voluntarily chose not to prepare, print, and mail the letter itself but, instead, to communicate information about the Debt and about Plaintiff to a third party commonly called a "mail vendor" or a "letter vendor."

15. Plaintiff never consented to Defendant communicating such information with any third party.

16. No court authorized Defendant to communicate such information to any third party.

17. Defendant's communication of such information was not necessary to effectuate a post-judgment remedy.

18. Defendant's mail vendor is not Plaintiff, Plaintiff's attorney, a consumer reporting agency, the Debt's creditor, or the creditor's attorney.

### IV.     POLICIES AND PRACTICES COMPLAINED OF

19. On information and belief, it is Defendant's policy and/or practice mail collection letters through the use of third-party mail vendors.

20. Plaintiff contends that such policy and practices violate Plaintiff's rights protected by the FDCPA.

### V. CLASS ALLEGATIONS

2. Plaintiff brings this action individually and as a class action on behalf of all other persons similarly situated pursuant to R. 4:32.

21. Subject to discovery and further investigation which may cause Plaintiff to modify the following definition, the "Class" is defined to include:

> Each natural person to whom Jefferson Capital Systems, LLC mailed or caused to be mailed a Letter where the Letter was mailed to a New Jersey address and included the following text (or substantially similar text):

> This information is not legal advice. The law limits how long you can be sued on a debt. Because of the age of your debt, we (Jefferson Capital Systems, LLC) cannot sue you for it and we will not report it to any credit reporting agency. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

22. Subject to discovery and further investigation which may cause Plaintiff to modify the following definition of the "Class Claims" at the time Plaintiff moves for class certification, Plaintiff defines the Class Claims as:

> All Claims arising under the Fair Debt Collection Practices Act based on or arising from the mailing of a Letter.

23. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class, Class Claims, and the Class Period, seek class certification only as to particular issues as allowed under R. 4:32-2(d).

24. The identity of each member of the Class is readily ascertainable from Defendant's records.

25. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of *R.* 4:32-1(a) because there is a well-defined community interest in the litigation in that:

   a. *Numerosity.* Plaintiff is informed and believes, and on that basis alleges, that the members of the Class are so numerous that joinder of all members would be impractical. On information and belief, there are at least 40 members of the Class.

   b. *Commonality.* Common questions of law and fact exist as to all members of the Class.

   c. *Typicality.* Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of Defendant's communication of information about consumers and the alleged debts to third parties and the use of information about time-barred debts.

   d. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the class members insofar as he has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

26. This action may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types however, at the time of commencing this action, Plaintiff expects to seek certification of a class under *R.* 4:32-1(b)(3) because:

   a. the questions of law and fact common to members of the Class appear to predominate over any questions affecting an individual member; and

    b. a class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

### VI.   CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA

27.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

28.    Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

29.    The Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

30.    Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

31.    Defendant's letter is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

32.    Defendant's communication of the information contained in its letter to a mail vendor and causing the letter to be mailed violated Plaintiff's rights protected under the FDCPA. Such violations include but are not limited to the following:

    a. Communicating with "any person" in violation of 15 U.S.C. § 1692c(b);

    b. Using means to collect a debt which harass, oppress, or annoy any person;

    c. Using false, deceptive, or misleading means to collect any debt; and

  d. Using unfair or unconscionable means to collect or attempt to collect any debt.

33. Based on any one of those violations, Defendant is liable to Plaintiff and the Class for damages, attorney's fees and costs under 15 U.S.C. § 1692k, as well as prospective injunctive relief barring Defendant's use of mail vendors to prepare, print, or mail collection letters. *See, Loigman v. Kings Landing Condo. Ass'n, Inc.*, 324 N.J. Super. 97, 108 (Ch. Div. 1999) (permitting equitable relief despite the absence of enabling statutory language when there is no prohibitory statutory language); and *Aparin v. Cnty. of Gloucester*, 345 N.J. Super. 41, 59 (Law Div.) (quoting *Loigman*).

### VII. PRAYER FOR RELIEF

34. WHEREFORE, Plaintiff, Tariq Elshabba respectfully requests the Court enter judgment against Defendant, Jefferson Capital Systems, LLC, as follows:

  a. An order certifying that the Cause of Action may be maintained as a class action pursuant to *R.* 4:32 including defining the class, defining the class claims, and appointing Plaintiff as the class representative and one or more attorneys at the Kim Law Firm LLC as class counsel;

  b. An award of statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

  c. An award of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

  d. Entry of a prospective injunction barring Defendant from using mail vendors to print and mail Defendant's collection letters;

  e. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3);

f.  An award to Plaintiff and any Class member of such amount as to ameliorate the tax consequences from an award of attorney's fees, litigation expenses, and costs which is includable in Plaintiff's or any Class member's income for purposes of Federal and State income taxes; and

g.  For such other and further relief as may be just and proper.

## VIII.  JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

KIM LAW FIRM LLC
Attorneys for Plaintiff, Tariq Elshabba

*s/ Philip D. Stern*
Philip D. Stern

DATED: May 23, 2021

## IX.  CERTIFICATIONS PER R. 1:38-7 AND R. 4:5-1

As required by *R.* 1:38-7: "I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)." The term "confidential personal identifiers" is defined by Rule 1:38-7(a).

As required by *R.* 4:5-1: I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

*s/ Philip D. Stern*
Philip D. Stern

DATED: May 23, 2021

## X.  DESIGNATION OF TRIAL COUNSEL PER R. 4:25-4

Pursuant to *R.* 4:25-4, Plaintiff designates Yongmoon Kim and Philip D. Stern as trial counsel.

KIM LAW FIRM LLC
Attorneys for Plaintiff, Tariq Elshabba

*s/ Philip D. Stern*
Philip D. Stern

DATED: May 23, 2021

Return Mail Only
PO BOX 1120
CHARLOTTE, NC 28201-1120

May 23, 2020




TARIQ K ELSHABBA



## Payment Offers Available

Account #: ████████492
JCS Reference #: ████668
Debt Description: ████████ MAST
Amount of the Debt: $████

Dear Tariq K Elshabba:

Paying your outstanding balance can seem stressful. We have payment offers available to help you.

You can decide which plan works for you right now.

**Offer #1 - Single payment and the largest savings**
Resolve your account with a lump sum payment of $███2 which represents an approximate 70% savings.

**Offer #2 - Payment plan with savings**
Resolve your account with 3 monthly payments of $███ which represents an approximate 65% savings.

**Offer #3 - Pay your account in full with monthly payments**
Resolve your account with 12 monthly payments of ███ which represents payment of full balance.

These offers expire on June 27, 2020. We are not obligated to renew these offers, however, if you would like additional time to respond to these options, please contact us.

This information is not legal advice. The law limits how long you can be sued on a debt. Because of the age of your debt, we (Jefferson Capital Systems, LLC) cannot sue you for it and we will not report it to any credit reporting agency. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

If none of these options work for you, there is still room to customize as needed. Our staff is trained to assist you with a program that suits your needs.

**How to contact us:**
- Visit our web site at www.MyJCAP.com
- By Phone: 844-362-7361 (English and Espanol)
- Hours of Operation: Mon-Thurs 8 AM - 6 PM, Fri 8 AM - 4 PM Central Time
- Send correspondence to: 16 McLeland Road, Saint Cloud, MN 56303
- Mail payments to: PO Box 772813, Chicago, IL 60677-2813

Sincerely,
Jefferson Capital Systems, LLC

# Exhibit A (cropped and redacted)

**Complaints:** If you have a complaint, please write to us at 16 McLeland Road Dept. C Saint Cloud, MN 56303 or call us toll-free at 1-888-718-0048, Monday through Friday.

**Restrictive Endorsement/Accord and Satisfaction/Post Dated Checks:** Any check, money order or other instrument tendered as an accord in satisfaction, or which includes a condition, including but not limited to post dated checks, restrictive endorsement or any statement to the effect that acceptance of such instrument shall constitute full or partial satisfaction of a disputed or undisputed debt (collectively, a "Condition") must only be sent to us at PO Box 7999, Department R, Saint Cloud, MN 56302-7999. You must note conspicuously on the face of the payment instrument that it is tendered for this purpose. We reserve the right to refuse to accept any payment that is subject to a Condition. If the payment does not comply with the foregoing and we process it, we will not be bound by any Condition.

# Exhibit A (cropped and redacted)

```
PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON          NJ 07505
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 653-2910
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   MAY 24, 2021
                         RE:     ELSHABBA TARIQ VS JEFFERSON CAPITAL SYSTEMS,LLC
                         DOCKET: PAS L -001676 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON BRUNO MONGIARDO

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 247-8205.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                   ATT: PHILIP D. STERN
                                   KIM LAW FIRM LLC
                                   411 HACKENSACK AVE STE 701
                                   HACKENSACK       NJ 07601

JURCHA2
```

# Civil Case Information Statement

## Case Details: PASSAIC | Civil Part Docket# L-001676-21

**Case Caption:** ELSHABBA TARIQ VS JEFFERSON CAPITAL SY STEMS, LL
**Case Initiation Date:** 05/23/2021
**Attorney Name:** PHILIP D STERN
**Firm Name:** KIM LAW FIRM LLC
**Address:** 411 HACKENSACK AVE STE 701 HACKENSACK NJ 07601
**Phone:** 2012737117
**Name of Party:** PLAINTIFF : Elshabba, Tariq
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** TORT-OTHER
**Document Type:** NJ eCourts Case Initiation Confirmation
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Tariq Elshabba?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Class action against debt collector for statutory tort arising under the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et seq. As a class action, case should be assigned to Track IV to allow individual case management.

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/23/2021
Dated

/s/ PHILIP D STERN
Signed